UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACIFIC PILE & MARINE, L.P., a Delaware limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>SKANSKA USA CIVIL WEST CALIFORNIA DISTRICT INC., a California corporation,<br><br>Defendant. | C26-0300 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) At the oral argument set for September 2, 2026, counsel shall be prepared to address whether the Court should grant or deny the pending cross-motions for summary judgment as to liability, docket no. 3-1 at 56–67 & 72–85, and/or the pending motion for partial summary judgment as to breach-of-contract damages, docket no. 15, and what impact the Court's rulings on the pending motions will have on the non-contractual claims (promissory estoppel, quantum meruit, and unjust enrichment).

(2) On or before August 28, 2026, the parties shall file supplemental briefs, not to exceed eighteen (18) pages in length, addressing the following issues:

(a) Whether plaintiff's claim for breach of contract (claim 1) should be dismissed on the ground that the Subcontractor Teaming Agreement, Ex. 1 to Taylor Decl. (docket no. 3-1 at 91), which contains a unilateral, unrestricted termination-for-convenience clause, is unenforceable for lack of mutual consideration, *see* *SAK & Assocs., Inc. v. Ferguson Constr., Inc.*, 189 Wn. App.

405, 357 P.3d 671 (2015), and if so, whether the portion of defendant's motion for summary judgment (docket no. 3-1 at 61–67) that seeks dismissal of plaintiff's non-contractual claims solely on the basis that an express contract exists should be denied;

(b) What must plaintiff Pacific Pile & Marine, L.P. ("PPM") prove to prevail on its claims for promissory estoppel (claim 2), quantum meruit (claim 3, count 1), and unjust enrichment (claim 4, count 1); what evidence does PPM intend to present to support these claims; and what evidence or arguments does defendant Skanska USA Civil West California District Inc. ("Skanska") intend to offer in defense; *see Young v. Young*, 164 Wn.2d 477, 191 P.3d 1258 (2008); *Kim v. Dean*, 133 Wn. App. 338, 135 P.3d 978 (2006); *Bailie Comm'ncs, Ltd. v. Trend Bus. Sys., Inc.*, 61 Wn. App. 151, 810 P.2d 12 (1991);

(c) Whether PPM is entitled to a jury trial on its claims for promissory estoppel, quantum meruit, and/or unjust enrichment, *see Kim*, 133 Wn. App. at 346; *Auburn Mech., Inc. v. Lydig Constr., Inc.*, 89 Wn. App. 893, 951 P.2d 311 (1998); *see also In re B-1208 Pine, LLC (SJS Mech. Servs, LLC v. Walsh Constr. Co. II, LLC)*, 2024 WL 4219137, at *3 (Bankr. W.D. Wash. Sept. 17, 2024);

(d) What are the measures of damages for PPM's claims for promissory estoppel, quantum meruit, and unjust enrichment; what are the amounts that PPM seeks for each of these claims; and how are such figures calculated; *see Nguyen v. IBM Lender Bus. Proc. Servs. Inc.*, 2011 WL 6130781, at *3 (W.D. Wash. Dec. 8, 2011) ("[T]he most appropriate damage measure [for promissory estoppel] is often reliance (rather than expectation) contract damages."); *Young*, 164 Wn.2d at 487; *RWR Mgmt., Inc. v. Citizens Realty Co.*, 133 Wn. App. 265, 277, 135 P.3d 955 (2006) ("Quantum meruit case damages are measured by the reasonable value of the benefit conferred on the defendant."); *see also* WPI 303.05; and

(e) Whether PPM has disclosed any damages analysis other than as set forth in the report of its expert Megan S. Wells, docket no. 28-1, and if so, provide a citation to the record or file a copy of such disclosure.

(3) The Court will conduct a scheduling conference immediately after oral argument. Counsel shall be prepared to discuss how this litigation should proceed under different scenarios, for example, (i) if the Court concludes that factual disputes preclude summary judgment as to liability on PPM's breach-of-contract claim, (ii) if the Court reaches the same result as the state court concerning Skanska's liability for breach of contract, but concludes that factual disputes preclude summary judgment as to damages, and (iii) if the Court dismisses PPM's breach-of-contract claim, and revives PPM's claims for promissory estoppel, quantum meruit, and unjust enrichment. Counsel shall also be prepared to report on the status of discovery and to propose a trial date and related pretrial deadlines for this case.

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 21st day of August, 2026.

Joshua C. Lewis
Clerk

s/Grant Cogswell
Deputy Clerk